UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| BEVERLY PLACE APTS LLC, LOUIS MANOR APTS LLC, and COLUMBUS VILLAGE APTS LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>B PROPERTIES – BEVERLY PLACE, LLC, B PROPERTIES – LOUIS MANOR, LLC, B PROPERTIES – COLUMBUS VILLAGE, LLC, and MADISON TITLE AGENCY,<br><br>*Defendants.* | Civ. Action No. _____ |

# COMPLAINT

Plaintiffs Beverly Place Apts LLC, Louis Manor Apts LLC and Columbus Village Apts LLC, set forth their Complaint, as follows:

## PARTIES

1. Plaintiff Beverly Place Apts LLC ("Beverly Place") is a Delaware limited liability company with its principal place of business located in New York, New York. The members of Beverly Place are Beverly Place Apts MM, LLC, Maiden Holdings, LLC, Rector Investments, LLC, Laurel Holdco, LLC, and Trinity Partner, LLC, which are all Delaware limited liability companies. Frederick Schulman is the sole member of each of these LLC's. Mr. Schulman is domiciled in the State of New York. Beverly Place is therefore a citizen of the State of New York.

1

2. Plaintiff Louis Manor Apts LLC ("Louis Manor") is a Delaware limited liability company with its principal place of business located in New York, New York. The members of Louis Manor are Louis Manor Apts MM, LLC, Maiden Holdings, LLC, Rector Investments, LLC, Laurel Holdco, LLC, and Trinity Partner, LLC, which are all Delaware limited liability companies. Frederick Schulman is the sole member of each of these LLC's. Mr. Schulman is domiciled in the State of New York. Louis Manor is therefore a citizen of the State of New York.

3. Plaintiff Columbus Village Apts LLC ("Columbus Village") is a Delaware limited liability company with its principal place of business located in New York, New York. The members of Columbus Village are Columbus Village Apts MM, LLC, Maiden Holdings LLC, Rector Investments, LLC, Laurel Holdco, LLC, and Trinity Partner, LLC, which are all Delaware limited liability companies. Frederick Schulman is the sole member of each of these LLC's. Mr. Schulman is domiciled in the State of New York. Columbus Village is therefore a citizen of the State of New York.

4. Defendant B Properties – Beverly Place, LLC ("BPBP") is a Texas limited liability company. The sole member of BPBP is Bell Property Management Limited, which is a Texas limited partnership. The general partner of Bell Property Management Limited is Bell Property Management GP, LLC, which is a Texas limited liability company. The sole member of Bell Property Management GP, LLC is Billy W. Bell, Jr. Upon information and belief, Mr. Bell is domiciled in the State of

44863675.1

Texas and is therefore a citizen of the State of Texas. BPBP is therefore also a citizen of the State of Texas.

5. Defendant B Properties – Louis Manor, LLC ("BPLM"), is a Texas limited liability company. The sole member of BPLM is Bell Property Management. Ltd., which is a Texas limited partnership. The general partner of Bell Property Management, Ltd. is Bell Property Management GP, LLC, which is a Texas limited liability company. The sole member of Bell Property Management GP, LLC is Billy W. Bell, Jr. Upon information and belief, Mr. Bell is domiciled in the State of Texas. BPLM is therefore a citizen of the State of Texas.

6. Defendant B Properties – Columbus Village, LLC ("BPCV"), is a Texas limited liability company. The sole member of BPCV is Bell Property Management, Ltd., which is a Texas limited partnership. The general partner of Bell Property Management, Ltd. is Bell Property Management GP, LLC, which is a Texas limited liability company. The sole member of Bell Property Management GP, LLC is Billy W. Bell, Jr. Upon information and belief, Mr. Bell is domiciled in the State of Texas. BPCV is therefore a citizen of the State of Texas.

7. Defendant Madison Title Agency, LLC ("Madison Title") is a Texas limited liability company with its principal office located at 3101 Preston Road, Suite #300. Dallas, Texas 75240. Upon information and belief, the members of Madison Title are JREZ, LLC and Joseph J. Rosenbaum. JREZ, LLC is a New Jersey limited liability company and Joseph J. Rosenbaum is domiciled in Lakewood, New Jersey. Therefore, Madison Title is a citizen of New Jersey.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiffs and each of the Defendants, and because the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

9. The Eastern District of Texas is a proper venue under 28 U.S.C. § 1391(b) because the events which give rise to this lawsuit occurred in this district, and a substantial part of the properties that are the subject of this action are situated in this district.

## GENERAL ALLEGATIONS

10. This case involves Defendants BPBP, BPLM and BPCV's breach of Purchase Agreements.

11. BPBP, BPLM and BPCV (hereinafter the "Defendant Sellers") own, respectively, apartment complexes located on the following real properties: 5307 Gulfway Dr., Port Arthur, Texas 77642, 1300 Joe Louis Ave., Port Arthur, Texas 77640, and 830 S. Riley St., Hearne, Texas 77859 (collectively the "Properties").

12. On around March 15, 2022, the Defendant Sellers, as sellers, and Plaintiffs, as purchasers, entered into separate Purchase Agreements (the "Purchase Agreements") for the sale of the Properties to Plaintiffs. The Seller Defendants have possession of the Purchase Agreements.

13. With the exception of the property addresses and the purchase price to be paid, the Purchase Agreements are essentially identical.

14. Pursuant to Section 3(A) of Purchase Agreements, Plaintiffs each paid an earnest money deposit in the amount of $50,000 (together the "Deposits") to Madison Title.

15. The Purchase Agreements state that the Deposits "shall be non-refundable to [Plaintiffs] upon its deposit in accordance with this Section 3.A., except as expressly set forth in Section 4.C., Section 11, Section 12 and Section 13 hereof."

16. Section 13 of the Purchase Agreements provides for return of the Deposits in case of "failure of any condition precedent."

17. One of the conditions precedent under the Purchase Agreements was Plaintiffs having received certain approvals from HUD (the "HUD Approvals"). *See* Purchase Agreements, § 7(G).

18. Plaintiffs did not receive the HUD Approvals.

19. Therefore, Plaintiffs sent the Seller Defendants notice of termination of the Purchase Agreements according to Section 7(G). *See* Ex. A – Termination Notices.

20. In that case, the Purchase Agreements provide that the Deposits "shall be refunded to Purchaser in full."

21. Plaintiffs have demanded that the Defendant Sellers authorize Madison Title to release the Deposits, but the Defendant Sellers have refused to do so.

**COUNT I: BREACH OF CONTRACT**
**(Defendant Sellers)**

22. Plaintiffs incorporate by reference all previous allegations as though fully restated herein.

44863675.1

23. Plaintiffs and the Defendant Sellers are parties to the Purchase Agreements which are valid and enforceable contracts.

24. Plaintiffs performed their obligations as agreed under the Purchase Agreements.

25. The Defendant Sellers materially breached the Purchase Agreements by, for example, failing to authorize the return of the Deposits to Plaintiffs as required under the Purchase Agreements.

26. Plaintiffs have been damaged as a direct and proximate result of the Defendant Sellers' breach of the Purchase Agreements.

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment in their favor and against the Defendant Sellers in an amount not less than $150,000.00, plus interest, costs, and attorney fees, and for such further and additional relief as may be fair and just under the circumstances.

## COUNT II: DECLARATORY RELIEF

27. Plaintiffs incorporate by reference all previous allegations as though fully restated herein.

28. Pursuant to the Purchase Agreement, Plaintiffs paid the Deposits to Madison Title.

29. Plaintiffs are entitled to return of the Deposits pursuant to Section 7(G) of the Purchase Agreements.

30. Plaintiff has requested that the Defendant Sellers authorize Madison Title to return the Deposits to Plaintiffs, but the Defendant Sellers have refused to do so.

31. An actual controversy exists as to the proper disposition of the Deposits.

32. A declaration regarding the parties' respective rights in and to the Deposits is a justiciable controversy.

WHEREFORE, Plaintiffs request that this Court declare the nature and extent of the parties' rights in and to the Deposits as follows:

    A. Enter a judgment declaring that, pursuant to Section 7(G) of the Purchase Agreements, Plaintiffs are entitled to receive the Deposits;

    B. Award Plaintiffs their reasonable attorney fees and costs of the suit; and

    C. Grant such other and further relief as the Court may deem just and proper.

    Respectfully submitted,
**BECK REDDEN LLP**

By:   /s/ *Jeff M. Golub*
     Jeff M. Golub
     Texas State Bar No. 00793823
     Federal I.D. No. 21606
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
jgolub@beckredden.com

**ATTORNEYS FOR PLAINTIFFS BEVERLY PLACE APTS LLC, LOUIS MANOR APTS LLC, AND COLUMBUS VILLAGE APTS LLC**

44863675.1